**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 07-4256**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HECTOR LOPEZ, a/k/a Eddy Antonio Rivera,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  Henry F. Floyd, District Judge.
(6:06-cr-00503-HFF)

———————

Submitted:  September 26, 2007      Decided:  October 10, 2007

———————

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Stephanie A. Rainey, RAINEY & BROWN, LLC, Spartanburg, South
Carolina, for Appellant.  W. Walter Wilkins, OFFICE OF THE UNITED
STATES ATTORNEY, Greenville, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hector Lopez pled guilty without a plea agreement to conspiracy to possess five or more kilograms of cocaine, possession of 500 grams or more of cocaine, being an illegal alien in possession of a firearm, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 992(g)(5)(A), 924(a)(2), 924(c)(1)(A) and 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), 846 (2000). The court sentenced Lopez to 180 months in prison. Counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that in her opinion, there are no meritorious issues for appeal. Lopez was advised of his right to file a pro se supplemental brief, and has done so. After reviewing the record, we affirm.

Counsel raises the issue, which Lopez reiterates in his pro se supplemental brief, that the district court erred in denying his motion for a variance sentence. Lopez argues that he provided assistance to the Government in obtaining the conviction of his co-defendant. This court will affirm a sentence that is within the statutorily prescribed range and is reasonable. United States v. Moreland, 437 F.3d 424, 433 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006). The Supreme Court recently upheld

this presumption of reasonableness. <u>Rita v. United States</u>, 127 S. Ct. 2456, 2462 (2007). Absent a government motion filed pursuant to 18 U.S.C. § 3553(e) (2000), the district court lacked authority to sentence Lopez below the statutory mandatory minimum sentence. <u>See</u> <u>United States v. Allen</u>, 450 F.3d 565, 568-69 (4th Cir. 2006). Because Lopez's 180-month sentence was the mandatory minimum sentence, we find no error by the district court in declining to grant a variance.

In Lopez's pro se informal brief, he contends that the district court erred in denying his motion to suppress. Lopez's voluntary plea of guilty waived his right to challenge such antecedent, non-jurisdictional errors. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973). Therefore, Lopez may not challenge the denial of the motion to suppress on appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED